Mr. Justice MacArthur
delivered the, opinion of the court:
As to the first and second exceptions the court are of opinion, that it is not competent for the defendants to prove by parol that at the time they delivered the notes in suit to the Philadelphia Coal Company, there was an agreement by which the said company should take up and pay said notes as they should respectively come to maturity. Such evidence would have been inadmissible, even if the company had been plaintiffs instead of Spofford and Clark. It is an elementary principle that parol evidence will not be received, to vary or contradict a written contract, nor is 'there anything in this case to take it out of the operation of the general rule. The parol evidence was therefore properly excluded by the court from the consideration of the jury.
The instruction asked for by the defendant was properly refused. The exception to this ruling raises the question whether the plaintiffs were bound by the agreement of compromise between the defendants and the Philadelphia Coal Company entered into by them at the time the notes in suit were given. It is now settled that if a party takes a negotiable instrument for a v aluable consideration, before the same is due, and without notice of any equities existing between the original parties, his title is good, and any defense founded upon those equities cannot operate to defeat his recovery. In order to affect him by such defense it must be shown that he had notice or knowledge of the facts which go to impeach the title, at the time he obtained possession of the paper. Smith vs. Tyson, 16 Pet., 1; Goodman vs. Simonds, 20 How., 343. Besides, the instruction is open to the objection that it assumes the existence of facts which do not appear in the case.
The coal company was not bound by the agreement to take- up said notes which first became due, unless that purpose is to be inferred from their promise to return the said notes to the defendants when the agreement was complied with on their part, which they failed to do. Even if the coal company were bound to take up the notes, that circumstance *231 would not affect the plaintiffs where they had no notice of such obligation. The instruction was properly rejected.
As to the exceptions to the charge of the court to the jury, the court here are of the opinion that they are not well taken. It is quite clear that the defendants have wholly failed to perform any part of the agreement upon which they rest their defense. The first three of the notes falling due were to be delivered up to defendants only upon the payment of the sum of $5,500 by Stewart to the company ; but it doe» not appear that Stewart was ever furnished with the vouchers out of which he promised to make the payments in the manner set out in the agreement. The remaining three notes were to be handed back to the defendants only upon payment of the four notes indorsed by Z. Jones, and it appears that these latter notes have been protested and still remain unpaid; so that even if the suit had been in the name of the Philadelphia Coal Company the agreement would not have been available as a defense, as there was neither performance nor tender of performance, either before or since the commencement of the action.
We think the rulings of the court entirely right, and the motion for a new trial must be denied and the judgment affirmed.